UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KELLIE LORENZEN, as Administratrix of the Estate of M.L.; KELLIE LORENZEN as Executrix of the Estate of EDWARD LORENZEN; KELLIE LORENZEN, as Mother and Guardian of P.L.; KELLIE LORENZEN as Mother and Guardian of Z.L.; and KELLIE LORENZEN, Plaintiff, v. TOSHIBA AMERICAN INFORMATION SYSTEMS, INC.; and SAMSUNG SDI CO., LTD., Defendants. | C.A. No. 20-186-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

This matter arises out of a house fire that occurred at 22 Colonial Road in Coventry, Rhode Island. Edward Lorenzen, four-year-old son, M.L., and two other children, Z.L. and P.L., were home at the time of the fire and while Z.L. and P.L. escaped the fire, Edward and M.L did not and died in the fire.

Plaintiff Kellie Lorenzen filed this lawsuit, alleging that a battery cell, manufactured by Defendant Samsung SDI Co., LTD. ("Samsung"), in a notebook computer manufactured by Toshiba American Information Systems, Inc. ("Toshiba") failed, causing the Toshiba notebook to emit a large amount of heat and smoke. This heat source, in turn, ignited nearby household combustibles that quickly caused the

house to catch fire. Ms. Lorenzen's Second Amended Complaint (ECF No. 42) against both Toshiba and Samsung alleges that a defect in the Samsung lithium-ion batteries in the Toshiba notebook computer caused the fire that killed her husband and son and injured her other children.[1] Samsung now moves to dismiss the Second Amended Complaint on the ground that this Court lacks personal jurisdiction over it. ECF No. 44.

## I. SPECIFIC JURISDICTION OVER SAMSUNG[2]

### A. The Law

For the court to have specific jurisdiction over a defendant, plaintiffs must show "(1) their claims directly arise out of or relate to the defendant's forum activities; (2) the defendant's forum contacts represent a purposeful availment of the privilege of conducting activities in that forum, thus invoking the benefits and protections of the forum's laws and rendering the defendant's involuntary presence in the forum's courts foreseeable; and (3) the exercise of jurisdiction is reasonable." *Knox v. MetalForming, Inc.*, 914 F.3d 685, 690 (1st Cir. 2019). Earlier this year, the United States Supreme Court decided the latest in a string of cases involving personal jurisdiction over companies engaged in the stream of commerce. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021). The *Ford Motor* case expanded the constitutional reach of personal jurisdiction and held that, "[w]hen a company like Ford serves a market for a product in a State and that product causes injury in

---

[1] Toshiba also filed a third-party complaint against Samsung. ECF No. 11.
[2] No party is alleging that this Court has general jurisdiction over Samsung.

2

the State to one of its residents, the State's courts may entertain the resulting suit." *Ford Motor Co.*, 141 S. Ct. at 1022.

### 1. "Arising out of or related to"[3]

For a plaintiff's claims to "arise out of or relate to" a defendant's forum conduct, "'there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* at 1025 (quotations omitted). When "a company 'exercises the privilege of conducting activities within the state'—thus 'enjoy[ing] the benefits and protections of its laws'—the State may hold the company to account for related misconduct." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

The Court finds that the relatedness prong of the personal jurisdiction analysis is satisfied here because Ms. Lorenzen alleges that the lithium-ion batteries in a Toshiba computer caught fire in Rhode Island and injured and killed Rhode Island residents in their home. This explosion in Rhode Island relates to evidence of Samsung's efforts to supply its lithium-ion batteries for incorporation in computers distributed and offered for sale worldwide and throughout the United States. *See, e.g.*, ECF No. 38-4 at 2. This relatedness is more fully set forth in the following section about purposeful availment and in the exhibits Toshiba submitted. ECF No. 38. Therefore, the "arising out of or related to" prong is satisfied.

---

[3] The facts showing personal jurisdiction are in the extensive exhibits (mostly Samsung documents) attached to Toshiba's Response to Samsung's Motion to Dismiss. ECF No. 38. That evidence is incorporated here as support of personal jurisdiction.

### 2. Purposeful Availment

On the topic of the purposeful availment prong, the United States Supreme Court made clear that specific jurisdiction attaches "when a company . . . serves a market for a product in the forum State and the product malfunctions there." *Ford Motor Co.*, 141 S. Ct. at 1026. In *Ford Motor*, the Supreme Court relied on forty-year-old dicta that:

> "[i]f the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly *or indirectly*, the market for its product in [several or all] other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others."

*Id.* at 1027 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)) (emphasis added).

Even the limited information produced during discovery[4] shows that for years, Samsung has made deliberate, purposeful, and considerable efforts to increase its share of the lithium-ion battery market throughout the United States. *See* ECF No. 38-1 at 15 ¶ 75 (referencing a Samsung report of bilateral meetings it held with Japanese manufacturers in October 2000 noting that the Americas were one of the "largest targeted market[s]" for polymer batteries).[5] By selling lithium-ion batteries

---

[4] The Court ordered jurisdictional discovery. (Text Order 7/12/21). Samsung's responses to the court-ordered discovery were inadequate, provided very little information, and inserted many obstructionist objections. ECF No. 55. If the Court did not find that there was sufficient evidence to establish personal jurisdiction as set forth above, it would most certainly order Samsung to fully respond to the discovery.

[5] "Samsung SDI has ranked number one in terms of global market share of lithium-ion batteries since 2010 through continuous technological innovation and

4

for incorporation into the Toshiba Satellite notebook computer, Samsung guaranteed that its batteries would make their way to Rhode Island where Toshiba Satellite notebook computers were marketed and sold. As *Ford Motor* confirms, because Samsung purposefully extended its business into the United States and, therefore into Rhode Island, Rhode Island courts may hold Samsung accountable for a fire here, even though the lithium-ion batteries had been designed and made overseas and sold in another state. *See Ford Motor Co.*, 141 S. Ct. at 1022.

Samsung also has intentional, specific contacts with Rhode Island. Samsung and the Rhode Island Board of Education/University of Rhode Island ("URI") and URI Professor Brett Lucht co-authored an article discussing "Development of Lithium Dimethyl Phosphate as an Electrolyte Additive for Lithium Ion Batteries," in the *Journal of the Electrochemical Society*. ECF No. 50-1. As noted in the article, Samsung supplied financial support for this research to URI. *Id.* at 7 ("We thank Samsung SDI for financial support of this work."). Consistent with this research, the Rhode Island Board of Education, Prof. Lucht, who regularly works with Samsung on lithium battery research, and Samsung sought a Korean patent for "Additive for lithium battery electrolytic solution, organic electrolytic solution and lithium

---

market driven activities." https://www.samsungsdi.com/lithium-ion-battery/index.html. Samsung acknowledges that it "has a 15-year experience of lithium-ion battery mass production. It sold over 7 billion cells for the past 15 years and is now selling over 1 billion cells per year." https://www.samsungsdi.com/automotive-battery/innovation.html. Indeed, as of December 31, 2019, Samsung had sold $899,874,786.00 worth of lithium batteries in North America. https://www.samsungsdi.com/upload/download/sustainablemanagement/EN_BUSINESS%20OVERVIEW.pdf.

5

battery." ECF Nos. 50-2, 50-3. Samsung evidences a commitment to investing in research and development of its lithium batteries in Rhode Island. Given these facts, the parties have adequately shown that Samsung has intentional contacts with Rhode Island for the development of its lithium batteries and has used research generated in Rhode Island to secure a Korean patent for lithium batteries

### 3. Reasonableness

The Court also concludes based on all the evidence as applied to the legal standard for applying personal jurisdiction that it is reasonable to exercise jurisdiction over Samsung in Rhode Island. The worldwide sales of the Toshiba computer containing Samsung's battery and Samsung's purposeful engagement with URI in studying its lithium battery in Rhode Island underscores that it is not unreasonable to subject it to suit here when "'its allegedly defective merchandise has there been the source of injury to its owner or to others.'" *Ford Motor*, 141 S. Ct. at 1027 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). Samsung has failed to present a compelling case otherwise.

## II. CONCLUSION

The Court DENIES Defendant Samsung SDI Co., LTD's Motion to Dismiss. ECF No. 44.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge
November 1, 2021